IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK ARNOLD WHITE, #827179, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-1098-M |
| | ) | ECF |
| JANIE A. COLLINS, et al., | ) | |
|     Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil rights action brought by a state inmate.

Parties: Plaintiff is confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Defendants are a former TDCJ Director, Church's Chicken Restaurants, Popeye's Chicken Restaurants, the University of Texas, Albertson's Grocery Stores, Southwest Airlines and Rick Husband. The Court has not issued process in this case, pending preliminary screening.

Findings and Conclusions: On July 6, 2007, the Court issued a notice of deficiency and order to Plaintiff, directing Plaintiff to submit a certified statement of his inmate trust account from the TDCJ Unit where he was confined. On August 13, 2007, the Court issued a second deficiency order specifically advising Plaintiff that a certified statement of the balance in his inmate trust account (also known as "In Forma Pauperis Data" sheet) was needed and that he

could obtain the same from his Unit law library. Both orders directed Plaintiff to cure the deficiency within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute.[1]

As of the date of this recommendation, Plaintiff has failed to comply with the deficiency order. On September 5, 2007, he filed another motion to proceed *in forma pauperis*. While a handwritten "certificate of inmate trust account" is attached to his motion, the "certificate" is neither certified nor on the familiar TDCJ "In Forma Pauperis Data" sheet (which consists of a certified computer print-out of a prisoner's account). Therefore, the September 5, 2007 motion and handwritten "certificate" fail to comply with the two deficiency orders previously issued in this case. Nor does his September 6, 2005 pleading, which is practically unintelligible, provide any explanation for his failure to comply with the deficiency orders.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).[2]

---

[1] A certified statement of the balance in Plaintiff's inmate trust account, in compliance with the Prison Litigation Reform Act of 1995 (PLRA), is necessary to assess the correct filing fee in this case. *See* 28 U.S.C. § 1915(a)(2).

[2] An involuntary dismissal under Rule 41(b) "operates as an adjudication on the merits," unless otherwise specified. *See* Fed. R. Civ. 41(b). *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for

Because Plaintiff has been given ample opportunity to comply with the deficiency order, but he has refused or declined to do so, this action should be dismissed without prejudice for lack of prosecution. *See Larson*, 157 F.3d at 1032 (affirming district court's dismissal for want of prosecution after inmate failed to comply with *sua sponte* order to provide financial information for assessment of PLRA filing fee); *Morrow v. Collins*, 111 F.3d 374 (5th Cir. 1997) (per curiam) (taking judicial notice that an inmate confined in a Texas state prison can obtain a statement of inmate trust account from the prison law library and dismissing the appeal for want of prosecution, even though the prisoner claimed that he could not get the statement due to hostility on the part of prison officials).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and that his motion for leave to proceed *in forma pauperis* be DENIED as moot.

A copy of this recommendation will be mailed to Plaintiff.

Signed this 19th day of September, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

dismissals with prejudice for want of prosecution).

3

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.